FORM 1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
DEC 12  3 50 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

Richard Parmanand

v.   CIVIL CASE NO.   3:00CV1133 (PCD)

Capewell Components, LLC

**AMENDED**
<u>NOTICE OF APPEAL</u>

Plaintiff
1. Pursuant to F. R. A. P. 4(a)(1), <u>Richard Parmanand</u> hereby gives notice and **amends the**
(appealing party)
existing appeals to the United States Court of Appeals for the Second Circuit from the following

Judgment or Order (attach the Judgment or Order):

Ruling on Objections to Recommended Ruling of Dorsey, J., dated September 10, 2003 and Ruling on Plaintiffs' Motion for Reconsideration and Certification of Dorsey, J., dated November 19, 2003

2. The Judgment /Order in this action was entered on November 19, 2003.
(date)

_____
Signature

Henry F. Murray
**Print Name**

Livingston, Adler, Pulda, Meiklejohn
& Kelly, P.C.
ct17234               557 Prospect Ave., Hartford, CT  06105
**Address**

Date: 12/11/03            860-233-9821
**Telephone Number**

<u>Note:</u> You may use this form to take an appeal provided that it is received by the Office of the Clerk of the U.S. District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Notice of Amended Appeal has been sent by first-class, postage prepaid mail on this 11th day of December, 2003 to the following counsel of record:

Gregg P. Goumas
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06103

Alan E. Lieberman
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06103

_____
Henry F. Murray

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RICHARD PARMANAND,
    Plaintiff,

VS.

CAPEWELL COMPONENTS, LLC,
    Defendant.

: Civil No. 3:00CV1133(PCD)

---

CATO SANDBERG,
    Plaintiff,

VS.

JAGENBERG, INC.,
    Defendant.

: Civil No. 3:00CV1933(PCD)

## RULING ON OBJECTIONS TO RECOMMENDED RULING

Pending are objections of defendant Capewell Components, LLC ("Capewell") to Magistrate Judge Margolis's recommended ruling on tax reporting requirements as to claim settlement proceeds.[1] For the reasons set forth herein, the recommended ruling is rejected as to its finding defendant(s) not required to report plaintiff as receiving amounts paid as fees directly to his attorneys on a contingent fee arrangement.

### I. BACKGROUND

Magistrate Judge Margolis clearly articulated the background as to this case, and familiarity with her recommended ruling is presumed. Magistrate Judge Margolis's recommended

---

[1] Defendant Jagenberg, Inc. ("Jagenberg") did not file an objection to the recommended ruling. Although a failure to object to a recommended ruling constitutes a waiver of rights to judicial review, *Small v. Secretary, H & HS*, 892 F.2d 15, 16 (2d Cir.1989), the defendants share the same legal question involving tax reporting requirements, and Jagenberg's failure to object is therefore construed as adopting Capewell's objections without addition or modification. Such characterization does not offend FED. R. CIV. P. 72(b).

1

ruling held that fees paid directly by defendants to plaintiffs' attorneys pursuant to a contingent fee agreement and in accordance with a settlement agreement were required to be reported as gross income received by plaintiffs. Judge Margolis thoroughly reviewed the conflicting positions of Courts of Appeals, Connecticut common law on any property interest implicated by a contingent fee agreement, and *Internal Revenue Code* provisions on the reporting of attorneys' fees. She concluded that "attorney's fees [paid] directly to plaintiffs' attorneys as part of a contingent fee agreement in Connecticut are not gross income to plaintiffs for federal income tax purposes."

Capewell timely filed its objection. The grounds for its objection include (1) failure to consider United States Department of the Treasury and Internal Revenue Service guidance as to settlement proceeds, (2) improper characterization of the decisions of a majority of the Courts of Appeals, (3) improper characterization of Connecticut lien law when compared to the law of other states in which Courts of Appeals have held the fees to be reportable as taxable to plaintiffs and (4) improper allocation of the burden of challenging the IRS position to defendants notwithstanding the fact that plaintiffs are the real parties in interest.

After reviewing the recommended ruling, the objections to such ruling and the opposition to such objections, the view adopted by a minority of the Courts of Appeals and relied on by the Magistrate Judge, does not prevail in the present case. It is found that plaintiff is obligated to report the full settlement proceeds as income, notwithstanding the settlement's direction of payment of the fees directly to plaintiff's attorney.

The general statements as to tax law are not reasonably subject to dispute. "[G]ross income means all income from whatever source derived," 26 U.S.C. § 61(a), and has been further

2

defined to include "undeniable accessions to wealth, clearly realized, . . . over which the taxpayers have complete dominion." *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 431, 75 S. Ct. 473, 99 L. Ed. 483 (1955). "The broad sweep of [26 U.S.C. § 61(a)] . . . indicates the purpose of Congress to use the full measure of its taxing power within those definable categories." *Helvering v. Clifford*, 309 U.S. 331, 334, 60 S. Ct. 554, 84 L. Ed. 788 (1940).

While federal law determines what property interests may be characterized as income, state law defines what constitutes a property interest. *See Aquilino v. United States*, 363 U.S. 509, 513-15, 80 S. Ct. 1277, 1280-81, 4 L. Ed. 2d 1365 (1960). Contrary to defendant's first objection, federal guidance does not define a property interest, thereby permitting taxation of that in which a taxpayer does not lawfully have a claim or title. *See Cotnam v. Comm'r*, 263 F2d 119, 125 (5th Cir. 1959). Defendant's second and fourth objections, involving interpretations of the decisions of the several Courts of Appeals and a purported misallocation of the burden of challenging the position of the IRS, are similarly meritless and are overruled.

Defendant's third objection, to the ruling's characterization of Connecticut lien law, does have merit. "An attorney, as against his client, has a lien upon . . . judgments received by him[, b]ut the attorney's lien upon judgments is subject to the equitable claims of the parties in the cause, as well as to the rights of third persons, which cannot be varied or affected, by such lien." *Gager v. Watson*, 11 Conn. 168, 169 (1836). "[T]he attorney is treated in regard to his lien, as the assignee of a chose in action . . ., who takes it subject to all the rights and equities attached to it." *Andrews v. Morse*, 12 Conn. 444, 446 (1838); *see also Marsh, Day & Calhoun v. Solomon*, 204 Conn. 639, 643, 529 A.2d 702 (1987) ("a charging lien . . . is a lien placed upon any money recovery or fund due the client at the conclusion of suit"). Finally,

3

> If an attorney has rendered services and expended money in instituting and conducting a suit and the plaintiff orally agrees that he may retain so much of the avails thereof as will pay him for his services and expenses therein and for previous services in other matters, and he thereafter conducts the suit to a favorable conclusion, he has, as against such plaintiff, an equitable lien upon the avails for the services and expenses in the suit, and for the previous services embraced in the agreement; and the trustee in insolvency of the plaintiff, coming to the estate after the making of such agreement, steps into the place of his assignor, and takes the avails as assets burdened by such equitable incumbrance.

*Cooke v. Thresher*, 51 Conn. 105, 107 (1883).

The above decisions reflect a longstanding statement by the Connecticut Supreme Court that an attorney has a "lien" or "incumbrance" on the judgment. A "lien" has been defined as "[a] hold or a claim which one person has *upon the property of another* as a security for some debt or charge. It is a qualified right which in certain cases may be exercised *over the property of another.*" *Interstate Fur Mfg. Co. v. Redevelopment Agency*, 154 Conn. 600, 604, 227 A.2d 425 (1967) (emphasis added; internal quotation marks omitted). Although

> [t]he words equitable lien are intensively undefined . . . [i]n courts of equity the term 'lien' is used as synonymous with a charge or incumbrance upon a thing where there is neither jus in re nor ad rem nor possession of the thing. The term is applied as well to charges arising by express engagement of the owner of the property and to a duty or intention implied on his part to make the property answerable for a specific debt or engagement.

*Connecticut Co. v. New York, N.H. & H.R. Co.*, 107 A. 646, 653 (Conn. 1919). It is therefore clear that an attorney is entitled, through a charging lien, to make a plaintiff's property answerable for the debt reflecting the agreed value of services rendered.

Given the above authority on charging liens, an attorney is not shown to have a property interest superior to that of his or her client. The analysis requires a reflection of the client's ownership interest in the underlying claim or course of action against a third party. While the basis for the asserted lien arises from the attorney's work related to that claim, the lien has

4

nothing to attach to until the claim is liquidated, by settlement or judgment. It is that liquidated sum to which the lien, otherwise inchoate, attaches. If no sum is created by settlement or a judgment, the lien does not come to fruition but expires by the terms of the contingent fee agreement.

The only case of which this Court is aware that proposes a greater claim by an attorney on his or her client's judgment is *Kubeck v. Cossette*, NO. CV 970478533S, CV 970480408S, 2000 WL 1397821 (Conn. Super. Aug. 18, 2000). The *Kubeck* court, relying on 7 Am. Jur. 2d, Attorneys at Law § 342, *id.* at *2, concluded that a "contingency fee agreement . . . created in counsel an equitable ownership interest or equitable lien which became effective upon the commencement of services or, at the latest, upon the return of a verdict," *id.* at *6. No court, prior to *Kubeck*, suggested that an attorney's interest in a judgment was more than a lien serving to facilitate payment of fees. It is interesting to note that the American Jurisprudence section cited by the *Kubeck* court relies on a New York decision, *LMWT Realty Corp. v. Davis Agency*, 85 N.Y.2d 462, 626 N.Y.S.2d 39, 649 N.E.2d 1183 (1995), which states the New York law of charging liens as follows:

> [B]ecause a cause of action is a species of property, an attorney acquires a vested property interest in the cause of action at the signing of the retainer agreement and thus a title to property and rights to property. Accordingly, the charging lien does not merely give an attorney an enforceable right against the property of another, it gives the attorney an equitable ownership interest in the client's cause of action. The client's property right in his own cause of action is only what remains after transfer to the attorney of the agreed-upon share upon the signing of the retainer agreement . . . .

*Id.* at 467 (internal quotation marks omitted). It suffices to say that the New York law, affording attorney's equitable ownership in the judgments of their clients, is unprecedented in Connecticut law. This Court is thus disinclined to adopt the *Kubeck* decision as reflective of the position of

5

the Connecticut Supreme Court. *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116 (2d Cir. 2000)( "a federal court . . . has to predict how the state court would resolve an ambiguity in state law"). Such cannot be the case as the cause of action solely belongs to the client who is entirely entitled to decide, for example, whether to accept a settlement. If the attorney has an ownership interest in the cause of action, the attorney would seemingly have the right to participate in the decision to settle, for which there is no known authority. So also no known authority exists for the attorney being entitled to refuse to settle and, independently, to pursue the claim if the client chooses to settle. The contingency on which the fee depends is the creation of a fund, by settlement, or judgment, absent which, though the services have been rendered, no fee is owed nor received. Thus the attorney's fee entitlement accrues upon the liquidation of the claim/cause of action and is secured by an assignment of a percentage of the liquidated sum as compensation for the services rendered.

Connecticut law does not afford an attorney equitable ownership in a judgment. A "[t]ax liability turns on equitable . . . ownership," *C.I.R. v. Hendrickson*, 873 F.2d 1018, 1024 (7th Cir. 1989). As a pure question of state law, it is concluded that an attorney lacks the indicia of ownership in a judgment that would obviate the need for the client to report judgment proceeds as income. "In determining whether a taxpayer enjoys 'complete dominion,' . . . [t]he key is whether the taxpayer has some guarantee that he will be allowed to keep the money." *Indianapolis Power & Light Co. v. Commissioner*, 493 U.S. 203, 210, 110 S. Ct. 589, 107 L. Ed. 2d 591 (1990). Characterizing an attorney's claim arising from a contingent fee agreement as a lien, the funds resulting from the settlement are not denied the plaintiff. The funds are paid to a plaintiff in discharge of liability for his damages. The funds are received by the plaintiff from the payor who

6

has no obligation to the attorney. The claim by the attorney is that when funds from another source are paid, by agreement with the client, a portion of the funds is paid to the attorney. Thus the funds used to pay obligations to plaintiff are income to the plaintiff. Not unlike a services provider who renders assistance related to plaintiff's injury, i.e. a doctor, enters an agreement to defer payment of his earned fee in turn for payment out of the proceeds of a settlement or judgment. The provider obtains no interest in the claim but obtains an entitlement to payment out of the liquidated sum.

III. CONCLUSION

Defendant's objection (Doc. No. 34) to the characterization of an attorney's property interest in a judgment under Connecticut law is sustained. Plaintiff is therefore obligated to report the entire settlement amount, including that portion attributable to fees paid pursuant to the contingent fee agreement, as gross income. The pending motions for extension of time in which to file a reply brief (3:00CV1133: Doc No. 27-1; 3:00CV1933:Doc. No. 29-1) are **denied as moot.** The Clerk shall close the file.

SO ORDERED.

Dated at New Haven, Connecticut, September _10_, 2003.

---
Peter C. Dorsey
United States District Judge

7

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD PARMANAND<br>               Plaintiff<br>v.<br>CAPEWELL COMPONENTS, LLC<br>               Defendant | CIVIL ACTION NO.<br>3:00CV1133 (PCD) |
| CATO SANDBERG<br>               Plaintiff<br>v.<br>JAGENBERG, INC.<br>               Defendant | CIVIL ACTION NO.<br>3:00CV1933 (PCD)<br><br>September 17, 2003 |

**PLAINTIFFS' MOTION FOR RECONSIDERATION AND CERTIFICATION**

On April 3, 2003, Magistrate Judge Margolis issued her recommended <u>Ruling On Tax Reporting Requirement For Payment Of Attorney's Fees And Costs Pursuant To A Contingent Fee Agreement</u> governing the issuance of Form 1099-Misc in the above entitled matters both of which had been settled prior to trial in 2001. On April 15, 2003 Defendant Capewell Components, Inc. ("Capewell") filed four objections to the Recommended Ruling: (1) failure of the Magistrate to consider United States Department of Treasury and Internal Revenue guidance as to settlement proceeds; (2) improper characterization by the Magistrate of the decisions of a majority of the Courts of Appeals; (3) improper characterization by the Magistrate of Connecticut lien law; and (4) improper allocation by the Magistrate of the burden of challenging the IRS position to the defendants.

*[Margin annotation:]* In light of the pending appeal before the Second Circuit, the motion is denied without prejudice. SO ORDERED.
Peter C. Dorsey, U.S. District Judge
11/19/03